UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY GAYLOR,<br>an individual,<br><br>       Plaintiff,<br>vs.<br><br>SAINT LOUIS GALLERIA, LLC,<br>a Delaware Limited Liability Company,<br>and<br>MACY'S RETAIL HOLDINGS, INC.,<br>a New York Corporation,<br>and<br>DILLARD'S, INC.,<br>a Delaware Corporation,<br><br>       Defendants. | CASE NO.: |

## COMPLAINT

Plaintiff, GARY GAYLOR through his undersigned counsel, hereby files this Complaint and sues SAINT LOUIS GALLERIA, LLC, a Delaware Limited Liability Company, MACY'S RETAIL HOLDINGS, INC., a New York Corporation, and DILLARD'S, INC., a Delaware Corporation , for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and E.D.Mo. L.R. 3 - 2.07.

3.   Plaintiff, GARY GAYLOR, (hereinafter referred to as "MR. GAYLOR"), is a resident of White County, Georgia.  However, he enjoys traveling to St. Louis, Missouri to visit his son who resides in the St. Louis area.

4.   Plaintiff, GARY GAYLOR, is a qualified individual with a disability under the ADA.  MR. GAYLOR was diagnosed with Multiple Sclerosis (MS) in 2005 and is disabled.

5.   MR. GAYLOR's disability, at all times material hereto, impairs his ability to walk, a major life activity, and requires him to use a cane and/or a wheelchair to ambulate.

6.   Defendant, SAINT LOUIS GALLERIA, LLC, a Delaware Limited Liability Company, (hereinafter referred to as "SAINT LOUIS GALLERIA" or collectively as DEFENDANTS), is registered to do business in the State of Missouri.  Upon information and belief, is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: the Saint Louis Galleria, generally located at 1 Saint Louis Galleria St., Saint Louis, MO 63117.  Defendant is responsible for complying with the obligations of the ADA.

7.   Defendant, MACY'S RETAIL HOLDINGS, INC., a New York Corporation, (hereinafter referred to as "MACY'S" or collectively as DEFENDANTS), is registered to do business in the State of Missouri.  Upon information and belief, MACY'S is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Macy's in the Saint Louis Galleria, generally located at 1550 Saint Louis Galleria St., Saint Louis, MO 63117.  Defendant is responsible for complying with the obligations of the ADA.

8. Defendant, DILLARD'S, INC., a Delaware Corporation, (hereinafter referred to as "DILLARD'S" or collectively as DEFENDANTS), is registered to do business in the State of Missouri. Upon information and belief, DILLARD'S is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Dillard's in the Saint Louis Galleria, generally located at 1105 Saint Louis Galleria St., Saint Louis, MO 63117. Defendant is responsible for complying with the obligations of the ADA.

9. All events giving rise to this lawsuit occurred in the Eastern District of Missouri.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

10. Plaintiff realleges and reavers Paragraphs 1-9 as if they were expressly restated herein.

11. The Property is a shopping mall and is open to the public and provides goods and services to the public.

12. Plaintiff MR. GAYLOR has visited the Property and attempted to utilize the goods and services offered at the Property.

13. While at the property, MR. GAYLOR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in paragraph 16 of this Complaint.

14. MR. GAYLOR continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in paragraph 16 which still exist.

15. MR. GAYLOR plans to and will visit the property in the near future to utilize the goods and services offered thereon.

16. Defendants, are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against the Plaintiff due to Defendants' failure to provide and/or correct, *inter alia,* the following barriers to access which were personally observed and encountered by Plaintiff:

   SAINT LOUIS GALLERIA:

   A. Inaccessible exterior parking designated as accessible throughout the property due to excessive slopes and cracked pavement;

   B. inaccessible routes throughout the property due to steep curb cuts and steep side flares which fail to create a smooth transition;

   C. inaccessible routes throughout the property due to ramps with excessive slopes, lack of proper handrails and excessive cross slopes;

   D. inaccessible garage parking designated as accessible due to excessive slopes;

   E. inaccessible routes from the garage due to ramps with excessive slopes, lack of proper handrails and cross slopes; and

   F. inaccessible sales and service counters throughout tenant spaces due to excessive height.

   MACY'S:

   A. Inaccessible parking designated as accessible due to excessive slopes; and

   B. inaccessible routes to entrances due to steep curb cuts and side flares which fail to create a smooth transition; and

4

      C.      inaccessible sidewalks routes due to excessive slopes and cross slopes and lack of proper handrails.

DILLARD'S:

      A.      Inaccessible parking designated as accessible due to excessive slopes; and

      B.      inaccessible routes to entrances due to steep curb cuts and side flares which fail to create a smooth transition.

      C.      inaccessible sidewalks routes due to excessive slopes and cross slopes and lack of proper handrails.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

19. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

21. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

22. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

WHEREFORE, the Plaintiff demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANTS is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANTS to alter their facilities to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANTS to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

> Respectfully Submitted,
> KU & MUSSMAN, P.A.
> Attorneys for Plaintiff
> 12550 Biscayne Blvd., Suite 406
> Miami, FL 33181
> Tel: (305) 891-1322
> Fax: (305) 891-4512

6

By: /s/ Jeff S. Keech
    KU & MUSSMAN, P.A.
    Attorney for Plaintiff
    Jeff S. Keech, Esq.
    Of Counsel
    Law Offices of Jeff Keech
    13650 River Valley CT
    Chesterfield, Missouri 63017
    Tel.: (314) 576-9989
    Fax: (305) 891-4512
    Email: jskeech@rootnode.com
    MO Bar ID No.: 56100