# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GARY GAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| SAINT LOUIS GALLERIA, LLC, MACY'S RETAIL HOLDINGS, INC. AND DILLARD'S, INC., | ) ) ) ) |
| Defendants. | ) ) |

CAUSE NO.  4:11-CV-01529 HEA

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Saint Louis Galleria, LLC and Dillard's Inc. and state as follows for their Answer and Affirmative Defenses to Plaintiff Gary Gaylor's complaint:

### Jurisdiction and Parties

1. In response to Paragraph 1 of Plaintiff's complaint, Defendants state that said paragraph contains legal conclusions to which a response is not required. Defendants deny all remaining allegations contained in said Paragraph 1.

2. In response to Paragraph 2 of Plaintiff's complaint, Defendants state that said paragraph contains legal conclusions to which a response is not required. Defendants deny all remaining allegations contained in said Paragraph 2.

3. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's complaint and therefore deny them.

4. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's complaint and therefore deny them.

5. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's complaint and therefore deny them.

6. In response to Paragraph 6 of Plaintiff's complaint, Defendants admit that Defendant Saint Louis Galleria is a Delaware Limited Liability Company, that it is registered to do business in the state of Missouri, and that it leases and operates real property and improvements generally described as 1 Saint Louis Galleria St., St. Louis, MO 63117. Defendants deny all remaining allegations contained in said paragraph not specifically admitted herein.

7. In response to Paragraph 7 of Plaintiff's complaint, Defendants admit that Defendant Macy's is a New York Corporation, that it is registered to do business in the State of Missouri. Defendants deny all remaining allegations contained in said paragraph not specifically admitted herein.

8. In response to Paragraph 8 of Plaintiff's complaint, Defendants admit that Defendant Dillard's is a Delaware Corporation, that it is registered to do business in the State of Missouri, and that it operates a business located on real property and improvements generally described as 1105 Saint Louis Galleria St., St. Louis, MO 63117. Defendants deny all remaining allegations contained in said paragraph not specifically admitted herein.

12334243v2 0928620

9.  Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's complaint and therefore deny them.

## COUNT I

10.  In response to Paragraph 10 of Plaintiff's complaint, Defendants re-state and re-allege their responses to Paragraphs 1 through 9 as if they were fully stated herein.

11.  In response to Paragraph 11 of Plaintiff's complaint, Defendants state that Plaintiff previously refers to two separate and distinct pieces of real property as the "Property" in the complaint but fails to specify which of the two is specifically referred to in Paragraph 11.  As a result, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in said Paragraph and therefore deny them.

12.  Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's complaint and therefore deny them.

13.  Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's complaint and therefore deny them.

14.  Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's complaint and therefore deny them.

12334243v2  0928620

15. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's complaint and therefore deny them.

16. Defendants deny each and every allegation contained in Paragraph 16 of the complaint and all of its sub-parts, and demand strict proof.

17. Defendants deny the allegations contained in Paragraph 17 of the complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's complaint and therefore deny them.

20. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's complaint and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's complaint and therefore deny them.

22. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's complaint and therefore deny them.

12334243v2  0928620

## AFFIRMATIVE DEFENSES

23. As their FIRST AFFIRMATIVE DEFENSE, Defendants state that the complaint fails to state a cause of action upon which relief may be granted.

24. As their SECOND AFFIRMATIVE DEFENSE, Defendants state that Plaintiff lacks standing to bring the cause of action asserted in the complaint to the extent that he is not a qualified individual with a disability under the Americans with Disabilities Act.

25. As their THIRD AFFIRMATIVE DEFENSE, Defendants state that Plaintiff lacks standing to bring the cause of action asserted in the complaint and, to the extent he has standing to bring his complaint, Plaintiff lacks standing to challenge any alleged barriers to access not specifically encountered therein.

26. As their FOURTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff lacks standing to challenge the alleged barriers in areas of the subject property he did not visit prior to the filing of the complaint.

27. As their FIFTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff's claims are moot.

28. As their SIXTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff was not deprived of any right, privilege, or immunity secured to him under the United States Constitution, the Constitution of the state of Missouri, or the laws of the United States or the state of Missouri.

29. As their SEVENTH AFFIRMATIVE DEFENSE, Defendants state that they have, at all times relevant hereto, acted under the reasonable belief that their actions

12334243v2 0928620

were in accordance with federal law. At no time relevant hereto did any of the Defendants act in contravention of clearly established federal statutory or constitutional rights of Plaintiff of which a reasonable person should have known. Therefore, Defendants are qualifiedly immune from liability in damages.

30. As their EIGHTH AFFIRMATIVE DEFENSE, Defendants state that they at all times acted in a manner that was proper, reasonable, and lawful and in the exercise of good faith.

31. As their NINTH AFFIRMATIVE DEFENSE, Defendants state that they did not intentionally impede or impair access to Plaintiff and allege that the discriminatory conducted alleged in the complaint by Plaintiff was not intentional.

32. As their TENTH AFFIRMATIVE DEFENSE, Defendants stated that the accommodations demanded by Plaintiff and/or the removal of the alleged barriers to access of persons with disabilities are not readily achievable, feasible, and/or would result in an undue burden on Defendants.

33. As their ELEVENTH AFFIRMATIVE DEFENSE, Defendants state that they did not discriminate against Plaintiff because providing the reasonable accommodations that Plaintiff specified in the complaint would have caused Defendants to suffer an "undue hardship" within the meaning of the ADA § 101(10), 42 U.S.C. § 12111(10).

34. As their TWELFTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff's claims are barred because the removal of the alleged barriers in the subject property that were built before January 26, 1993 are not "readily achievable" or easily

accomplished and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

35. As their THIRTEENTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the Americans with Disabilities Act and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

36. As their FOURTEENTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff's claims are barred because the alterations made by Defendants are sufficient in that they satisfy the "to the maximum extent feasible" standard within the meaning of 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. § 12183(a)(2).

37. As their FIFTEENTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff failed to mitigate the damages alleged in the complaint.

38. As their SIXTEENTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff's claims are barred to the extent that they fail to satisfy the jurisdictional and/or statutory prerequisites for his cause of action or exhaust the appropriate administrative remedies, and/or comply with the appropriate statute of limitations period.

39. As their SEVENTEENTH AFFIRMATIVE DEFENSE, Defendants state that all allegations pertaining to jurisdiction are denied and demand strict proof at the trial of this case.

12334243v2  0928620

40. As their EIGHTEENTH AFFIRMATIVE DEFENSE, Defendants state that Plaintiff has failed to exhaust appropriate state remedies.

41. As their NINETEENTH AFFIRMATIVE DEFENSE, Defendants assert every defense available to them under the existing Civil Rights Act.

42. As their TWENTIETH AFFIRMATIVE DEFENSE, Defendants state the Plaintiff's claims are barred because, with respect to any particular architectural element of any of the subject property that departs from accessibility guidelines, Defendants have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facilities.

43. As their TWENTY-FIRST AFFIRMATIVE DEFENSE, Defendants state that Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area of the subject property for any intended purpose.

44. As their TWENTY-SECOND AFFIRMATIVE DEFENSE, Defendants state that they are not legally responsible for property that is not within their possession, custody or control.

45. As their TWENTY-THIRD AFFIRMATIVE DEFENSE, Defendants state that Plaintiff is not entitled to recover attorneys' fees under the Americans with Disabilities Act to the extent Defendants have or will take appropriate measures to remedy the alleged barriers to access.

12334243v2 0928620

46. Defendants reserve the right to plead any additional affirmative defenses as they become known or available during the pendency of this litigation.

WHEREFORE, Defendants Saint Louis Galleria, LLC, Macy's Retail Holdings, Inc. and Dillard's Inc. respectfully request the Court to find in their favor and against Plaintiff Gary Gaylor on Plaintiff's Complaint, to enter an award of costs to Defendants in the amount they expended in defending this action, and grant such other and further relief that the Court deems just and proper under the circumstances.

**HINSHAW & CULBERTSON LLP**

By:     /s/ John Mark Hongs
JOHN MARK HONGS  #54083MO
Gateway One
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
P: 314-241-2600
F: 314-241-7428
jhongs@hinshawlaw.com
*ATTORNEYS FOR DEFENDANTS SAINT LOUIS GALLERIA, LLC, AND DILLARD'S, INC.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 31st day of October 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent Notice of Electronic Filing to the following:

Louis Mussman, Esq.
Ku & Mussman, P.A.
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
P: (305) 891-1322
F: (305) 891-4512
louis@kumussman.com
*Attorneys for Plaintiff*

Jeff. S. Keech, Esq.
Law Offices of Jeff Keech
13650 River Valley Ct.
Chesterfield, MO  63017
P: (314) 576-9989
F: (305) 891-4512
jskeech@rootnote.com
*Attorneys for Plaintiff*

Charles B. Jellinek, Esq.
Travis B. Kearbey, Esq.
Amanda E. Covlin, Esq.
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO  63102
P: (314) 259-2000
F: (314) 259-2020
cbjellinek@bryancave.com
travis.kearbey@bryancave.com
amanda.colvin@bryancave.com
*Attorneys for Defendant Dillard's Inc.*

                                                                  /s/ John Mark Hongs                    .

12334243v2  0928620