**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GARY GAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4-11-cv-01529-HEA |
| | ) |
| SAINT LOUIS GALLERIA, MACY'S | ) |
| RETAIL HOLDINGS, INC. and | ) |
| DILLARDS, INC., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S**
**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

COMES NOW Defendant Macy's Retail Holdings, Inc. ("Macy's" or "Defendant"), and for its Answer to Plaintiff Gary Gaylor's ("Plaintiff") Complaint, states as follows:

**Jurisdiction and Parties**

1. Macy's admits that Plaintiff purports to bring this action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"), but denies that any violations of the ADA have occurred. The remaining allegations contained in paragraph 1 of Plaintiff's Complaint make legal conclusions to which no response is required. To the extent a response is required, Macy's admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Plaintiff sets forth legal conclusions in paragraph 2 and therefore no response is required. To the extent a response is required, Macy's admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

    3. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and therefore denies the same.

    4. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore denies the same.

    5. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

    6. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

    7. Macy's admits it is a New York corporation registered to do business in the State of Missouri and that it operates a retail establishment known as Macy's located at the Saint Louis Galleria shopping center, 1550 Saint Louis Galleria Street, St. Louis, Missouri 63117.  Macy's also admits that it is subject to the provisions of the ADA.  Macy's denies any remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

    8. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

    9. Macy's denies that any misconduct occurred in the Eastern District of Missouri or in any other jurisdiction.

## Count I
## Violation of Title III of the ADA

10. Macy's incorporates by reference its answers to paragraphs 1-9 as if fully restated herein.

11. Macy's admits the allegation contained in paragraph 11 of Plaintiff's Complaint.

12. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Macy's denies the allegations contained in paragraph 16 of Plaintiff's Complaint.  Specifically:

Saint Louis Galleria

The allegations in paragraph 16 related to the Saint Louis Galleria are not directed against Defendant Macy's, but rather are directed against Defendant Saint Louis Galleria.  Since there are no allegations against Macy's in this

subsection, no response is required. To the extent a response is required, Macy's states as follows:

    A.    Macy's denies the allegations contained in subparagraph Galleria-A of Plaintiff's Complaint.

    B.    Macy's denies the allegations contained in subparagraph Galleria-B of Plaintiff's Complaint.

    C.    Macy's denies the allegations contained in subparagraph Galleria-C of Plaintiff's Complaint.

    D.    Macy's denies the allegations contained in subparagraph Galleria-D of Plaintiff's Complaint.

    E.    Macy's denies the allegations contained in subparagraph Galleria-E of Plaintiff's Complaint.

    F.    Macy's denies the allegations contained in subparagraph Galleria-F of Plaintiff's Complaint.

<u>Macy's</u>

    A.    Macy's denies the allegations contained in subparagraph Macy's-A of Plaintiff's Complaint.

    B.    Macy's denies the allegations contained in subparagraph Macy's-B of Plaintiff's Complaint.

    C.    Macy's denies the allegations contained in subparagraph Macy's-C of Plaintiff's Complaint.

<u>Dillard's</u>

    The allegations in paragraph 16 related to Dillard's are not directed against Defendant Macy's, but rather are directed against Defendant Dillard's. Since there are no allegations against Macy's in this subsection, no response is required. To the extent a response is required, Macy's states as follows:

  A. Macy's denies the allegations contained in subparagraph Dillard's-A of Plaintiff's Complaint.

  B. Macy's denies the allegations contained in subparagraph Dillard's-B of Plaintiff's Complaint.

  C. Macy's denies the allegations contained in subparagraph Dillard's-C of Plaintiff's Complaint.

17. Macy's denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Macy's denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. Macy's denies that any barriers exist and denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Macy's denies that any barriers exist and denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Macy's denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

Macy's denies any allegations in Plaintiff's Complaint not specifically admitted herein, and denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief he requests in the "WHEREFORE" paragraph following Count I of his Petition, including all subparagraphs A through E.

### AFFIRMATIVE AND OTHER DEFENSES

1.  Further answering, except as noted herein, Macy's denies each and every allegation contained in Plaintiff's Complaint.

2.  Further answering, Macy's asserts that Plaintiff's Complaint must be dismissed because Plaintiff has failed to state claims upon which relief can be granted.

3.  Further answering, Macy's asserts that Plaintiff lacks standing to bring these claims against Macy's.

4.  Further answering, Macy's asserts that Plaintiff does not have a legitimate and/or bona fide intent to shop at the Macy's store identified in the Complaint other than for the purpose of pursuing litigation and therefore lacks standing to bring these claims.

5.  Further answering, Macy's asserts that Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Macy's alleged violations of the ADA.

6.  Further answering, Macy's asserts that Plaintiff lacks standing to challenge the alleged barriers in areas of the subject property he did not visit prior to the filing of the Complaint.

7.  Further answering, Macy's asserts that Plaintiff's claims are barred in whole or in part to the extent Plaintiff is not disabled as defined by the ADA.

8. Further answering, Macy's denies that it has violated any statute, regulation, constitutional provision, common law or public policy or caused damage or injury to Plaintiff.

9. Further answering, Macy's asserts that Plaintiff has failed to provide good faith notice to Macy's and/or any opportunity for Macy's to respond regarding any alleged barrier of access to merchandise, or goods and services before filing this Complaint.

10. Further answering, at all times relevant to this action, Macy's has acted in good faith to ensure full compliance with Title III of the ADA and all other applicable federal and state disability laws to the extent readily achievable and/or required by law.

11. Further answering, where Macy's has determined it is not readily achievable to remove barriers, Macy's utilizes alternative methods to provide full and equal access to the goods, services, facilities, privileges, advantages and accommodations of the subject premises, as expressly provided for by the ADA.

12. Further answering, Macy's asserts that the accommodations demanded by Plaintiff and/or the removal of the alleged barriers to access of persons with disabilities are not readily achievable, feasible and/or would result in an undue burden on Macy's.

13. Further answering, Macy's asserts that it did not discriminate against Plaintiff because providing the reasonable accommodations that Plaintiff mentioned in the Complaint would have caused Macy's to suffer an "undue hardship" as defined by the ADA.

14. Further answering, Macy's asserts that Plaintiff's claims are barred because the removal of the alleged barriers mentioned in the Complaint is not "readily achievable" or easily accomplished and able to be carried out without much difficulty or expense within the meaning of the ADA.

15. Further answering, Macy's asserts that Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the Americans with Disabilities Act and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

16. Further answering, Macy's asserts that Plaintiff's claims are barred because the alterations made by Macy's are sufficient in that they satisfy the "to the maximum extent feasible" standard within the meaning of 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. § 12183(a)(2).

17. Further answering, Macy's asserts that Plaintiff's claims are barred because, with respect to any particular architectural element of any of the subject property that departs from accessibility guidelines, Macy's has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facilities.

18. Further answering, Macy's asserts that Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area of the subject property for any intended purpose.

19. Further answering, Macy's is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Macy's is not responsible.

20. Further answering, Macy's denies that Plaintiff has been denied access to the benefits of the services, programs and activities offered by Macy's at the Saint Louis Galleria.

21. Further answering, Macy's asserts that Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver and unclean hands.

22. Further answering, Macy's asserts that Plaintiff's claims are barred because they are moot.

23. Further answering, Macy's asserts that Plaintiff has failed to mitigate the damages alleged in the Complaint.

24. Further answering, Macy's asserts that Plaintiff has failed to exhaust appropriate state remedies.

25. Further answering, Macy's asserts that Plaintiff is barred, in whole or in part, from recovery of damages as alleged and prayed for in Plaintiff's Complaint by the after-acquired evidence doctrine.

26. Further answering, Macy's asserts that Plaintiff's claims are barred, in whole or in part, because Macy's has substantially complied with any and all applicable statutes, regulations, constitutional provisions and/or laws.

27. Further answering, Macy's asserts that it did not intentionally impede or impair access to Plaintiff and that it at all times acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

28. Further answering, Macy's asserts that Plaintiff's claims are barred by applicable statutes of limitations or other periods of limitation.

29. Further answering, Macy's asserts that Plaintiff is not entitled to recover attorneys' fees under the ADA to the extent Macy's has or will take appropriate measures to remedy the alleged barriers to access.

30. Further answering, Macy's asserts that Plaintiff's Complaint is couched in broad and conclusory terms. Macy's cannot fully anticipate all defenses that may be applicable to this civil action. Accordingly, Macy's expressly reserves the right to assert any additional defenses that become known during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Macy's Retail Holdings, Inc. respectfully prays that this Court enter judgment in favor of Defendant Macy's and against Plaintiff, dismiss Plaintiff's Complaint in its entirety, award Macy's its costs incurred in this action, including attorneys' fees, and order such other and further relief as the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Erin E. Williams*
Thomas Scott Stewart, #44297MO
Erin E. Williams, #60935MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
Thomas.Stewart@ogletreedeakins.com
Erin.Williams@ogletreedeakins.com

ATTORNEYS FOR DEFENDANT
MACY'S RETAIL HOLDINGS, INC.

## CERTIFICATE OF SERVICE

       I hereby certify that on October 31, 2011, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

| | | |
|---|---|---|
| Jeff S. Keach<br>Law Offices of Jeff Keach<br>13650 River Valley Ct.<br>Chesterfield, MO 63017 | John M. Hongs<br>Hinshaw & Culbertson, LLP<br>701 Market Street, Suite 1300<br>St. Louis, MO 63101 | Charles B. Jellinek<br>Travis R. Kearbey<br>Amanda E. Colvin<br>Bryan Cave LLP<br>1 Metropolitan Square |
| Louis Mussman<br>Ku & Mussman, P.A.<br>12550 Biscayne Blvd.<br>Suite 406<br>Miami, FL 33181 | *Attorney for Defendants<br>St. Lois Galleria and<br>Dillard's, Inc.* | 211 N. Broadway, Suite 3600<br>St. Louis, MO 63102<br><br>*Attorneys for Defendant<br>Dillard's, Inc.* |
| *Attorneys for Plaintiff* | | |

                                                          */s/ Erin E. Williams*
                                                          Attorney for Defendant
                                                          Macy's Retail Holdings, Inc.

11208263.1 (OGLETREE)